Case 49.—ACTION BY CHARLES MORTON AGAINST THE LOUISVILLE & NASHVILLE RY. CO. FOR DAMAGES FOR PERSONAL INJURIES.—November 9.

## Louisville & Nashville Ry. Co. v. Morton.

Appeal form Hopkins Circuit Court.

J. F. Gordon, Circuit Judge.

Judgment for plaintiff. Defendant appeals. Reversed.

1. Negligence—Evidence—Precautions Against Recurring Injury—Evidence of the repair or supply of a defect after the occurrence of an injury caused by such defect is not competent on the issue of whether the appliance was reasonably safe before the repair was made, nor for any other purpose.

2. Evidence—Expert Testimony—Experience of Witness—In an action for injuries to a servant engaged in loading logs onto a car, persons having experience and skill in the business of loading logs may testify as to the usual and proper way of loading such logs and what are the dangers attending the work; but persons who have not had such experience should not be allowed to give their opinions on the subject.

BENJAMIN D. WARFIELD and CLIFTON J. WADDILL for appellant.

1. Defendant entitled to peremptory instruction. (Weidemann Brewing Co. v. Wood, decided May 31, 1905; Straight Creek Coal Co. v. Haney's Adm'r, decided June 13, 1905; Wilson v. Chess & Wymond Co., 25 Ky. Law Rep., 1655; Lee v. C. & O. Ry. Co., 18 Ky. Law Rep., 829; McGhee v. Bell, 19 Ky. Law Rep., 267; Wilie v. E. T. Coal Co., 84 S. W., 1166; Brey's Adm'x v. Chess & Wymond Co., 84 S. W., 563.)

2. Incompetent evidence. Subsequent precaution not permissible. (2 Phillips on Ev., 745; 1 Greenleaf on Ev., sec. 434; Rapalje on Witnesses, sec. 241; Ft. W. & R. G. Ry. Co. v. Jones, 85 S. W., 38; Standard Oil Co. v. Tierney, 92 Ky., 3667; L. & N. R. R. Co. v. Bowen, 18 Ky. Law Rep., 1099; R. I. & S. Wks. v. Gregg, 24

Louisville & Nashville Ry. Co. v. Morton.

Ky. Law Rep., 1628; 20 Am. & Eng. Ency. Law, 2d Ed., p. 85;
Sh. & Red. Neg., 5th Ed., sec. 60c; 1 Jones Evidence, sec. 290;
Georgia, &c., R. Co. v. Cartledge, 59 L. R. A., 118; see authorities
reviewed in last case, 59 L. R. A., 118.)

3. Other means reasonably safe not permissible. (Sh. & Red.
Neg., 5th Ed., sec. 53, and note.)

4. Refusing competent evidence.

5. Instructions were erroneous. (Mellott v. L. & N. R. R. Co.,
101 Ky., 212; L. S. Ry. Co. v. Minogue, 90 Ky., 369; L. & N. R.
R. Co. v. Logsdon, 114 Ky., 746-753; Covington S. M. & M. Co.
v. Drexilius, 87 S. W., 266-268; L. & N. R. R. Co. v. Hall, 115
Ky., —.)

·6. Excessive verdict.

·GORDON, GORDON & COX for appellee.


### SYNOPSIS.

1. Defendant was not entitled to a peremptory instruction.
(Bowling Green Stone Co. v. Capshaw, 64 S. W., 507; Ashland
C. & I. Co. v. Wallace, 19 Ky. Law Rep., 849; 1 Shearman &
Redfield on Negligence, 5th Ed., sec. 53.)

2. Evidence of the manner in which the log was afterwards
loaded was competent, not as proof of negligence of knowledge
on the part of appellant, but as showing how the accident might
have been averted, and as to whether the means first adopted
were reasonably safe under the circumstances. (Champion Ice
& Mfg. Co. v. Carter, 21 Ky. Law Rep., 211; 1 Labatt on Master
and Servant, sec. 133; 2 Labatt on Master and Servant, sec. 824.)

3. Leading questions may be asked witness testifying for op-
posite party, on cross-examination. (Sec. 595, Civil Code.)

4. The ruling of the trial court on questions of evidence were
technically consistent and correct, and no competent testimony
for appellant was rejected.

5. The instructions given on the trial emphasized the de-
fense of contributory negligence, and imposed on Morton the
duty of looking for danger while acting under direct orders and
supervision of the foreman, and thus, while correctly defining
appellant's duties, were much more favorable to appellant than
it was entitled to have them. There was no error to its preju-
dice. (I. C. R. R. Co. v. Langan, 25 Ky. Law Rep., 500.)

6. The verdict, only $500, for painful, disabling and permanent
injuries on Morton's leg or ankle, is not at all excessive as
compensation, besides, under the circumstances of reckless dis·
regard for his life and safety, causing his injury, he was entitled
to punitive damages.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

Charles Morton was a section hand in the employment of the Louisville & Nashville R. R. Co. A freight train dropped some logs, and the section foreman took his crew to pick them up. He loaded the logs upon some trucks and took them to the nearest station, and there he undertook to load them on a freight car by means of skids reaching from the ground up to the car. It was a cold day. There was ice on the logs and ice on the skids. When they began rolling the logs some one of the hands said that they ought to have a rope to hold them. The boss said: ''Roll the log up.'' It was a large white oak log, weighing 3,000 or 4,000 pounds. One man stood at each end to chock the log. One of the men had an ax and the other a brick. When the log got nearly to the top, the brick slipped on the ice. The log came back. The men at that end of the log ran out of the way, but Morton, who was working at the other end, had not time to get out of the way of the log, and was caught and injured. He filed this suit to recover for his injury, and, a verdict and judgment having been rendered in his favor for the sum of $500, the railroad company appeals.

The court allowed the plaintiff on the trial to prove by himself and a number of other witnesses that after he was hurt the foreman went and got a rope, and by tying one end of it to the car and passing it around the log two men at the rope could hold the log without any trouble, and so the logs were in this way subsequently loaded without danger or difficulty. The court, in admitting the evidence, told the jury that it was to be considered by them only in determining whether the manner of loading the logs first employed was a reasonably safe means, and that it could

Louisville & Nashville Ry. Co. v. Morton.

not be considered in any way as bearing upon the question as to whether the defendant knew that the first means employed was not reasonably safe. The defendant excepted both to the evidence and to the admonition of the court. The court in so ruling followed Labatt on Master and Servant, secs. 133, 824. We can not concur in this view of the law.

In Standard Oil Co. v. Tierney, 92 Ky., 367, 13 Ky. Law Rep., 626, 17 S. W., 1025, 14 L. R. A., 677, 36 Am. St. Rep., 595, it was held that subsequent precautions or subsequent repairs after an injury has occurred are not competent evidence against the defendant, on the ground that such evidence raises distinct and irrelevant issues for the consideration of the jury, and puts an unfair interpretation upon human conduct, virtually holding out an inducement for continued neglect. This case was followed in L. & N. R. R. Co. v. Bowen, 39 S. W., 31, 18 Ky. Law Rep., 1099.

In Republic Iron & Steel Works v. Gregg, 71 S. W., 900, 24 Ky. Law Rep., 1627, the defendant offered to show that the machinery was operated after the accident without injury in the same condition as at the time of the accident. The plaintiff offered to show that subsequent to the injury the machinery was repaired. The court held that the evidence of neither side was competent. These cases are in accord with the great weight of authority. The case of Champion Ice Manufacturing Co. v. Carter, 51 S. W., 16, 21 Ky. Law Rep., 211, does not lay down a different rule. That case turned simply upon the evidence that had been introduced.

A person can not make evidence for himself, and therefore the defendant can not, by allowing a defect to continue, make this evidence in his behalf. The issue the jury are to determine is whether ordinary

vol. 121—26

Louisville & Nashville Ry. Co. v. Morton.

·care was used before the injury to the plaintiff. What care was used after the injury is immaterial. Many persons, after an accident has occurred, will use extraordinary precaution to prevent a recurrence of it. On another trial either the .plaintiff or the defendant may be allowed to prove, by persons having experience and skill in the business of loading logs, what is the usual and proper way of loading such logs and what are the dangers· attending the work; but witnesses who have not had such experience in the business as to be considered experts should not be allowed to give their opinions on the subject. We see no other error in the record. The instructions of the court properly presented the law of the case.

Judgment reversed, and cause remanded for a new trial.