## Ken-Ten Coach Lines, Inc., v. Hughes.

May 6, 1947.

J. B. Johnson, Judge.

E. L. Stephens, Glenn H. Stephens and L. O. Siler for appellant.

C. B. Upton and Tye, Siler & Smith for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Mrs. Nettie Hughes was awarded $4000 for injuries which she claimed she sustained due to a sudden lurch of one of the appellant's busses which threw her from her seat into the aisle. She said that her left arm was caught between a passenger riding on the opposite side of the bus and the back of the seat.

Reversal of the judgment is asked upon the following grounds: (1) The court erred in refusing an instruction offered by the appellant; (2) counsel for Mrs. Hughes was guilty of misconduct and improper argument at the close of the case; and (3) the judgment is grossly excessive and is the result of passion and prejudice against the appellant.

Since we have reached the conclusion that the judg-

ment must be reversed because of the excessive award, we shall confine our consideration of the case principally to that question.

The appellant contends that Mrs. Hughes' injury, if any, was caused by an effort made by her husband, who was suffering from a broken arm, to assist her in arising. Mrs. Hughes made no direct statement that her husband attempted to assist her, but on cross-examination she said:

"Q. 26  When he raised you up, he couldn't do it and let you fall back in the floor?  A.  When he raised me up, my head went on down against the floor.

"Q. 27  Hit the floor?  A.  Yes, sir.

"Q. 28  When he tried to raise you up, he hurt you?  A.  Yes, when my arm got loose from against the seat, that hurt me.

"Q. 29  Was he trying to raise you up with that left arm?  Was that what hurt you?  A.  I don't know whether he had hold of that or of me.  I couldn't say." Mrs. Hughes was again put upon the stand and she denied that her husband did anything to injure her when he was assisting her to get up.  It is the contention of the appellant that it was entitled to the following instruction:

"Instruction A

"Although the jury may believe the bus was negligently operated and that plaintiff lost her seat and fell into the aisle of the bus as a result thereof, yet if they shall further believe that plaintiff's injuries were caused in the way or manner in which she was attempted to be helped by her husband, then the law is for the defendant and the jury will so find."  Clearly, the appellant was not entitled to the instruction which it offered. However, since it raised the question, it was the duty of the court to submit in a proper instruction the appellant's theory of the case; but it should have been so framed as to permit an award for Mrs. Hughes in the event the jury believed that the efforts of her husband in assisting her to arise were not the direct and proximate cause of her injury.

In his closing argument to the jury counsel for Mrs.

Hughes persisted in insinuating that the appellant should have provided a doctor for her, and that when the jury awarded her damages to which she was entitled she would be able to go and see a specialist. An objection was sustained to this line of argument, but counsel persisted in arguing along the same line. We do not think that prejudicial error was committed in view of all the circumstances pertaining to the case, but the argument was improper and if there be another trial of the case counsel should refrain from making such statements as are herein criticized.

Dr. E. B. Stonesifer testified for Mrs. Hughes and Dr. Carl Ausmus testified for the appellant. Dr. Stonesifer said that when he first saw Mrs. Hughes she seemed to be very tender along the cervical vertebrae and that her left shoulder was exceedingly tender as if it had been strained to some extent; and, further, that she seemed to be suffering considerable pain. He said also: ''Well, I naturally took the history of the case. I thought it was a strain to the muscles and she could have possibly injured some of these little intervertebral discs, and caused those to spread out between the joints, and it could possibly have been an injury to the nerves.'' He made no statement concerning how long he thought Mrs. Hughes would continue to suffer pain, or that she had any permanent injury.

Dr. Ausmus said that X-rays of Mrs. Hughes' shoulder and neck revealed no abnormality, and in his opinion she had suffered a ligamentous injury to the left shoulder region, and that she had no injury to the cervical vertebrae or to the intervertebral disc. He said he would classify the injury as one to the brachial plexus of nerves. He said further that he did not know how long it would continue, but in his opinion Mrs. Hughes' condition would improve. There was testimony showing that Mrs. Hughes had been in bad health for several years. Dr. Stonesifer said he had treated her off and on for 20 years and had given her treatments for stomach trouble and diabetes. Dr. Ausmus said that he treated Mrs. Hughes for goiter, high blood pressure and influenza.

Following her injury, about the middle of September, 1945, Mrs. Hughes worked as a domestic servant in

the kitchen of a restaurant for some six weeks, but she said she was forced to quit this job because of her injury. Both sides cite numerous cases involving questions of damages.

A detailed review of the cases cited would serve no useful purpose, because each case of this type must stand on its own footing. We have no hesitancy in saying that the award in the case at bar strikes us at first blush as being excessive. There were no broken bones and no evidence showing a permanent injury. Dr. Ausmus made X-rays of Mrs. Hughes' left shoulder and neck and found no abnormality. Dr. Stonesifer based his diagnosis to some extent upon the history of the case given to him by Mrs. Hughes. The foregoing reference to his testimony and the quotation therefrom show that he had no definite and positive idea of the nature and extent of the injury.

Under the circumstances, we believe the judgment to be excessive. Therefore, it is reversed, with directions to set it aside, and for proceedings consistent with this opinion.