## Greer et al. v. Summerfield.

December 3, 1948.

Woodward, Dawson, Hobson & Fulton for appellants.

Brents Dickinson, Jr., and Joseph E. Stephen for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Reversing.

Appellee, a lady 50 years of age, was injured when she fell or was thrown out of a taxicab owned by appellants. She recovered a judgment for $5,030 after a jury trial. On this appeal appellants contend (1) They were entitled to a peremptory instruction, (2) Instruction No. 1 was erroneous, and (3) the verdict was grossly excessive:

The accident happened in Cave City. Appellee was on her way to the bus depot in appellants' taxicab. The driver stopped at the railroad station to let off two other passengers. While he was assisting the others in taking their luggage into the station, appellee, who had been seated in the rear, alighted from the taxicab and re-entered it to take her place on the front seat. The vehicle was a two-door Ford sedan, and appellee closed the right hand door unassisted.

The driver returned, entered the cab on the left side, started the motor and proceeded to drive off. It was necessary for him to make a U turn and descend an embankment. Appellee testified he made a sudden violent movement to the left which threw her against the door, caused it to come open and precipitated her onto the ground. The driver admitted he was making a turn, or as he called it "a swing," but stated he was going slowly and suggests that the door had not been properly closed. It was proved to be in good mechanical condition.

Appellants argue they were entitled to a peremptory instruction because there was no evidence the taxicab was being operated at an unreasonable speed. This argument is answered by the simple statement that speed was not the basis of the charge of negligence. The issue in the case was whether or not the driver negligently made a sudden and violent turn. It is further insisted on this point that the evidence did not show that the handling of the taxicab was sudden, unusual and unnecessary. Assuming such facts must be shown, the evidence introduced for appellee was amply sufficient to justify such a finding. Appellants were not entitled to a peremptory instruction.

It is next contended that Instruction No. 1 given by the Court was erroneous because it was not sufficiently specific in pointing out the duties of the driver and in advising the jury that any damages awarded must be limited to those received in this particular accident. We have carefully considered this instruction, and it fairly presented the issues of negligence and damages to the jury.

The last contention of appellants is that the damages were grossly excessive. Appellee's special expenses amounted to $30. There was no proof of a permanent injury or the permanent impairment of appellee's power to earn money. The sum of $5,000 was allowed by the jury solely for pain and suffering.

There is adequate evidence in the case to indicate appellee suffered a fractured coccyx. In addition, she received numerous scratches and bruises. At the time of the trial, which was over a year after the date of the accident, she was still complaining of intermittent pain. She is employed as a billing clerk, which requires her to sit during the day. She stated she was not able to remain in this position for a very long period without suffering, and she still has a tenderness and soreness at the base of her spine. Medical evidence introduced on her behalf, while indicating this type of injury could cause a great deal of discomfort, was rather vague concerning its painful propensities.

The Court is limited in reversing cases for excessive damages to those instances where the award is so disproportionate to the proven injury as to raise an irresistible

inference that the verdict was not reached in calm deliberation but was influenced by considerations other than the law and evidence. See Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S. W. 2d 768, and Pagliro v. Cleveland, 302 Ky. 306, 194 S. W. 2d 647. The award in this case of $5,000 solely for pain and suffering is most substantial. Yet appellee was not hospitalized, found it necessary to have but scant medical attention, and was not incapacitated, even for a day, from continuing her regular employment. We are convinced the amount of the award was fixed arbitrarily without reasonable regard for the facts proven, and was the result of some prejudice or bias in the minds of the jurors. For this reason, the judgment must be reversed for a new trial.

The judgment is reversed for proceedings consistent herewith.