## TICHENOR v. ROLL.

Court of Appeals of Kentucky.
Nov. 21, 1952.

Davis Boehl Viser & Marcus, Louisville, Jarvis & Ross, Greenville, for appellant.

T. O. Jones, Greenville, for appellee.

CAMMACK, Chief Justice.

Fisher Tichenor is appealing from a $3,500 judgment rendered in favor of Druzilla Roll in an action for personal injuries allegedly received in an automobile accident. The only ground urged for reversal is that the damages allowed were excessive.

Mrs. Roll is a resident of Cardwell, Missouri. She was traveling through Greenville, Kentucky, at the time of the accident December 1, 1950. She received no medical treatment in Greenville. The only medical treatment she ever received was from Dr. W. D. English, of Cardwell, whom she visited for the first time December 29, 1950. Dr. English's diagnosis showed the following injuries: (1) a traumatic fracture of the left ninth rib with a callous formation; (2) traumatic injury to the left lobe of the liver; and (3) bruises to the left lobe of the liver with internal injuries. The doctor said also that Mrs. Roll suffered much pain. Her testimony was to the same effect. In response to a question concerning the permanency of Mrs. Roll's disability and injury and her health, Dr. English said:

"The patient will always have her fractured rib, and some scarring of her liver tissue as the result of the formation of scar tissue when her body was healing her injuries. The blow caused by the accident probably caused some injury to the ligaments of her spine and back. These injuries are probably the cause of her backache and the cause of the tenderness noted on the right side opposite the 2nd and 3rd lumbar vertebrae."

Dr. G. L. Simpson, of Greenville, examined Mrs. Roll one day before the trial. Although he made no X-rays, he said his diagnosis revealed nothing which seemed to be attributable to her alleged injuries. There was no other medical testimony on the trial.

As a general proposition we will not reverse a judgment on the ground of excessive damages unless the award appears to be so disproportionate to any reasonable consideration of the injuries proven and their results as to strike the court at first blush that the verdict was not reached in calm deliberation. Pagliro v. Cleveland, 302 Ky. 306, 194 S.W.2d 647. The permanency of the injury is one of the basic elements entering into an award for damages. In Ken-Ten Coach Lines v. Hughes, 304 Ky. 692, 202 S.W.2d 172, and Fischer v. Eby, 272 Ky. 554, 114 S.W.2d 768, we declared that the damages awarded were excessive because there was no evidence of permanent injury.

When we examine the medical testimony in the light most favorable to Mrs. Roll, we find no evidence of permanent injury which would justify an award of $3,-500. At most, Dr. English's testimony showed that she will have a scar tissue on her liver and some type of a minor backache.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.