**Harry Harold DINSMORE, Appellant,**

v.

**Arthur W. BAIRD, Appellee.**

Court of Appeals of Kentucky.

June 19, 1959.

Robert C. Jackson, Brandenburg, Edward J. Hogan, Louisville, for appellant.

Calvin Ray Robinson, Owensboro, J. R. Watts, Brandenburg, for appellee.

WADDILL, Commissioner.

Appellee recovered a verdict and judgment against appellant in the sum of $10,107 as damages for personal injuries allegedly sustained in an automobile accident. Reversal is sought on the ground that the damages allowed were excessive.

The injuries appellee sustained in the accident consisted of two fractured ribs, a fracture of the first sternal segment and a bruised knee. Appellee was hospitalized for six days, and was thereafter treated further for his injuries at his home for a period of about eight weeks. The fractures healed satisfactorily, but appellee yet complains of his injured right knee. His physician testified that appellee may have suffered some damage to a cartilage in the knee. His total proven hospital and medical expenses, including his physician's bill, were $107.80.

The court is limited in reversing judgments on the ground of excessive damages to those instances where the award is so disproportionate to the proven injuries as to raise an irresistible inference that the verdict was not reached in calm deliberation but was influenced by considerations other than the law and evidence. Greer v. Summerfield, 308 Ky. 674, 215 S.W.2d 574; Pagliro v. Cleveland, 302 Ky. 306, 194 S.W.2d 647; Consolidated Coach Corporation v. Hopkins, 228 Ky. 184, 14 S.W.2d 768. The damages awarded in the instant case were solely for pain and suffering as the instructions given by the trial court only authorized damages of this character. The award of $10,000 for pain and suffering strikes us at first blush as excessive and the result of prejudice or bias in the minds of the jurors because it cannot reasonably be justified under the testimony most favorable to appellee. For this reason the judgment is reversed. Since appellant's liability in this case is not questioned, there should be a new trial only on the issue of damages. CR 59.01; See, Clay CR 59.01, Author's Comment 2.

The judgment is reversed for proceedings consistent herewith.