CITY OF NEWPORT, a Municipal
Corporation, Appellant,

v.

Mary MAYTUM, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1961.

Charles J. Schear, City Sol., Wesley Bowen, Asst. City Sol., Newport, for appellant.

R. Howard Smith, Newport, for appellee.

STEWART, Judge.

This is an appeal by the City of Newport from a judgment awarding Mary Maytum $6,000 damages against the City of Newport for injuries she claimed were received by her due to a fall she sustained on a public sidewalk.

The city urges these grounds for reversal: (1) The lower court erred in failing to exclude certain evidence offered by appellee; (2) appellee's counsel was guilty of misconduct in his final argument to the jury; and (3) the verdict of the jury is excessive. Since we are reversing the judgment, and in all probability there will be a new trial of this case, we shall discuss each of these grounds in the order given.

The first complaint concerns the action of the trial court in permitting evidence to be presented, over appellant's objection, that it, after the occurrence of appellee's injury, had its employees repair the holes in the sidewalk at and near the site of the accident. It is argued that such evidence raised a distinct and irrelevant issue for the consideration of the jury and, for this reason, was inadmissible. We agree.

It was pointed out in Louisville & N. R. Co. v. Morton, 121 Ky. 398, 89 S.W. 243,

244 that this kind of testimony "puts an unfair interpretation upon human conduct." Standard Oil Co. v. Tierney, 92 Ky. 367, 17 S.W. 1025, 1027, 14 L.R.A. 677, had this to say in denouncing proof of this character: "'To declare such evidence competent is to offer an inducement to omit the use of such care as new information may suggest, and to deter persons from doing what the new experience informs them may be done to prevent the possibility of future accidents.'" See also Triplett et al. v. Napier, Ky., 286 S.W.2d 87; Fisher v. Hardesty, Ky., 252 S.W.2d 877; and Sohio Petroleum Co. v. Duke, 313 Ky. 498, 232 S.W.2d 348.

It is next insisted appellee's counsel in his closing speech to the jury was permitted to make references to matters that were neither in evidence nor in issue which were calculated to arouse bias and prejudice in the minds of the jury. We believe this contention is well taken, and we shall quote four statements that we consider highly improper under the circumstances. They are:

"You saw the sidewalk. There were holes up there until this woman fell and then they covered them up, just like they have attempted to do all through this case * * *."

"This is the biggest cover up I have ever seen in thirty years of practice at this bar. They brought phony pictures in here which they testified was all made at the same time and yet you saw them * * *."

"If the City of Newport treats all people who fall on their rotten, dirty sidewalks this way, just remember, it may happen to you * * *."

"Don't you worry about how they can pay this verdict. Ten Thousand Dollars is just a drop in the bucket. They just might have to go out and raise the ante on some of the casinos around here * * *."

■ Counsel for appellee made timely objection to each of these statements and, in connection with the last three, moved that the swearing of the jury be set aside and a mistrial be declared. It will be noted that the first-mentioned remark of appellee's counsel referred to testimony we have heretofore condemned because such evidence wrongfully injected a foreign issue into the trial of the case. Furthermore, all of the statements of this counsel brought to the attention of the jury subject matter which was not only outside the record but which was of an inflammatory nature. It is also our view that the minds of the jury were so warped and led astray by an appeal to their emotions that they rendered what we consider is an excessive verdict under the evidence presented.

■ True enough, as appellee argues, counsel in the summation of his client's case to the jury is allowed great latitude in commenting upon the evidence and in drawing any reasonable deductions therefrom. But such comments and deductions must be confined to the evidence introduced. Counsel deviated so frequently and so flagrantly from the evidence that we cannot help but believe that he intended his speech to follow such a course of action. Properly, prejudice has no more sanction at the bar than on the bench.

■ Nor do we believe the admonishments of the trial judge erased the damaging effect of these statements. Counsel was so persistent in his wanton and reckless use of prejudicial language that it is difficult to conceive how the jury could have reached an impartial result. We have a situation here to which this principle of law taken from Black Mountain Corporation v. Partin's Adm'r, 260 Ky. 680, 86 S.W.2d 676, 679 applies. It reads: "Where the admonition of the court does not prove sufficient to prevent improper and dangerous appeals to the prejudice of jurors, it becomes necessary rigidly to enforce the general rule that requires a reversal whenever the error is raised by a proper exception."

■ As a third ground for reversal it is maintained the verdict of the jury is

excessive when all of the factors are considered which govern the assessment of damages in a personal injury case. These pertinent facts bearing upon this point were brought out by the evidence:

Appellee, 66 years old at the time of her accident, suffered no broken bones or fractures; she was never confined to a hospital; she did not require the services of a physician in her home; she received all her medical treatments in a physician's office by special visits; her alleged injuries prior to the trial had healed satisfactorily; and she sustained no permanent injury. Her medical testimony concerning her state of health after her injury was to the effect that she now has an arthritic condition, which could have been caused or at least aggravated by her fall. She is a housewife, unemployed, and therefore was subjected to no loss of earning power. Indeed it was not proved that she was incapacitated to the extent that she could not perform her ordinary housework.

In Ken-Ten Coach Lines Inc. v. Siler, 303 Ky. 263, 197 S.W.2d 406, a verdict of $3,500 was voided for the reason that there was no showing of permanency of injury and loss of earning power. See also Ken-Ten Coach Lines Inc. v. Hughes, 304 Ky. 692, 202 S.W.2d 172, where a $4,000 verdict was set aside as excessive because no bones were proven to have been broken and no detrimental aftereffects were established. In the case of Greer et al. v. Summerfield, 308 Ky. 674, 215 S.W.2d 574, 575, in which a jury award of $5,000 for pain and suffering was held to be too much, this principle of law was set forth: "The Court is limited in reversing cases for excessive damages to those instances where the award is so disproportionate to the proven injury as to raise an irresistible inference that the verdict was not reached in calm deliberation but was influenced by considerations other than the law and evidence."

The amount of the verdict in this case is so out of proportion to the proven injuries and the consequences thereof as to strike this Court at first blush as having been arrived at while the jury was under the influence of passion and prejudice. It is our belief, moreoever, that the misconduct of appellee's attorney caused the minds of the jury to stray from the one sober fact developed by the evidence, namely, that appellee's injuries from her fall were of a very minor nature.

Wherefore, the judgment is reversed and this case is remanded for a new trial in comformity with this opinion.