Warren **POYNTER** and Nora Poynter, his wife, Appellants,

v.

**COMMONWEALTH** of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

Jan. 26, 1968.

Carl R. Clontz, Allen & Clontz, Mt. Vernon, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Phillip K. Wicker, Somerset, for appellee.

CULLEN, Commissioner.

Warren Poynter and wife appeal from a judgment in a condemnation case awarding them $5,500 as damages for property taken for interstate highway purposes. The jury found a "before" value of $6,500 and an "after" value of $1,000. The appellants' witnesses had estimated a net difference in value of around $9,000, whereas the state's witnesses put the difference at $3,700. The appellants do not argue specifically that the damages are inadequate, but we assume that a feeling of such inadequacy has prompted this appeal upon which four alleged trial errors are asserted as grounds for a right to a new trial.

The state's appraisal witnesses cited comparable sales in support of their estimates of the "before" value, and introduced photographs of the allegedly comparable tracts. The appellants objected specifically to the introduction of the photographs of two of the tracts on the ground that there had been no showing that the properties, at the time the photographs were taken in 1966, were in the same condition as when the sales took place (in 1961 and in 1963, respectively). The witnesses then stated that they had "inquired" as to whether there had been any change and had "found" that there had been none. The court then admitted the pictures. The appellants argue that the admission was error since there was no showing by direct evidence that no change had occurred.

Our cases have permitted appraisal witnesses to use hearsay evidence of sale prices when they cite comparable sales in support of their estimates of values. See Stewart v. Commonwealth for Use and Benefit of Department of Highways, Ky., 337 S.W.2d 880. For the same reasons we think hearsay evidence may be used to show the lack of a substantial change of condition of property cited as a comparable, between the time of sale and the time of a view or photograph by the witness. Furthermore, the pictures themselves in the instant case indicated that the conditions shown in the pictures had existed for some time, and it would not be unreasonable to indulge a presumption that there had been no change in the few years that had elapsed between the sales and the taking of the pictures. See 32 C.J.S. Evidence § 715, p. 1012. In these circumstances we think that the opposing party should have the burden of showing that there had been changes, in line with the proposition stated in Stewart v. Commonwealth for Use and Benefit of Department of Highways, Ky., 337 S.W.2d 880, that with reference to citations of comparable sales "it is better to leave the dissimilarities to examination and cross-examination."

■ The appellants assert as a second ground of error the trial court's exclusion of the testimony of one of the appellants' witnesses that the sale at which the appellants had purchased the entire property in 1960 for only $2,500 was not a "voluntary" sale because the former owner "had difficulty, severe difficulty, with one of his neighbors, he indicated to me that his neighbor * * * had shot at him two times with a high powered rifle, there had also been a stabbing involved, he was wanting to get away." From the words "he indicated to me" it is clear that this was hearsay evidence. The trial court excluded it on that ground and we think properly so. The fact, as hereinbefore indicated, that hearsay may be used collaterally in connection with comparable sales cited by a witness in support of an estimate of value made by him is no authority or basis for the use of hearsay to prove a specific fact, such as that the former owner of land was having trouble with a neighbor.

■■ The third ground of error relates to the action of the trial court, on its own motion, of sending the jury to view the premises. The construction work was in progress and the terrain had been changed materially. The taking had embraced a substantial portion of the property and the parties were pretty much in agreement that the "after" value was small; the main argument was as to the "before" value. The appellants contend that the construction work had so changed the land that the jury view could not give any real picture of the "before" value but could only impress the jury with a lack of value. In our opinion the view could have been of help in enabling the jury to see the quality of the soil, which was in dispute, to see the neighborhood in which the property was located, and to get an idea of the topography of the property. Sending the jury to view the premises, in the absence of a motion by either party, is a matter of discretion with the trial court. See Commonwealth v. Crutcher, Ky., 240 S.W.2d 605. We find no abuse of discretion here.

■ Finally, the appellants complain of an allegedly prejudicial statement by the attorney for the Commonwealth in his closing argument. The attorney for the appellants had said in his argument, "you (the jury) are the only thing that stands between him (the property owner) and the Commonwealth of Kentucky taking this property at their price, he's got no other protection." The attorney for the Commonwealth countered with this statement:

"When Mr. Clontz told you that you were all that stood between the landowners and the Commonwealth of Kentucky, believe me, you are all that stands between the Commonwealth of Kentucky paying these people just what they ask for their property, you represent the taxpayers of the Commonwealth of Kentucky and this is your tax money * * *"

In its responsive nature and under the holding in Napier v. Commonwealth, Department of Highways, Ky., 397 S.W.2d 45, we think the argument was not improper.

The judgment is affirmed.

All concur.