Katherine Slaton JONES et al., Appellants,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

Nov. 1, 1968.

William A. Carter, Bedford, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, George Williamson, LaGrange, John J. Blackburn, Covington, for appellee.

DAVIS, Commissioner.

In this condemnation proceeding the appellants obtained a verdict and judgment in the sum of $7,300 of which they complain in this appeal by asserting that (1) incompetent evidence was admitted in behalf of the appellee, and (2) improper closing argument was made by appellee's attorney.

The appeal has been prosecuted on a partial record in which there is no showing as to whether the asserted errors were prejudicial, but for purposes of the opinion we will assume that appellants contend that they were prejudicially affected by the claimed errors.

It developed that an appraisal witness for the Department testified in detail as to market value of property located near interchanges on interstate highways. It was brought out that the witness had written a thesis on that topic as a requirement for obtaining his master's degree in college. The appellants quote from the testimony of the challenged witness:

"Q. But, nevertheless, many of your figures that you used in there were derived from your conversation with the buyer or the seller?

A. Certainly. That's the way I got all my information."

The appellants contend that the evidence is necessarily hearsay and therefore improper. They point to Stewart v. Commonwealth, Ky., 337 S.W.2d 880, from which they quote the following:

"It is of importance to the court and jury to know how it was made and on what information it was based. If some or all of that information was acquired by hearsay, but through the customary channels of the trade, or by methods recognized as standard in the making of appraisals, we see no useful purpose in a rule of absolute exclusion." Id. 337 S.W.2d 885.

We are unable to fathom how the appellants can find comfort in the Stewart decision. In fact, that opinion specifically recognizes the admissibility of expert appraisal testimony based "almost entirely on 'hearsay' in the legal sense of the word." The witness whose competence is challenged explained that he had worked as a professional real estate appraiser for more than five years and that he had made specific studies in that field. Moreover, he testified that he had examined the courthouse records reflecting sales which he deemed to be of comparable properties and that he had confirmed the details of those sales by interviewing the sellers or buyers. It seems to us that the witness was certainly qualified from a technical standpoint and that the method of appraisal which he used falls squarely within the ambit of the type of testimony approved in Stewart v. Commonwealth, Ky., 337 S.W. 2d 880. See also Poynter v. Commonwealth, Ky., 423 S.W.2d 524.

The thrust of the argument for the Department upon the trial was that the enhancement of the remaining property of the landowners by reason of adaptability for the market at the interchange resulted in a net gain to the landowners rather than a loss. Evidence had been offered by the challenged Commonwealth witness that $1 would adequately compensate the landowner. In an effort to pinpoint that theory, the attorney for the Department included in his closing argument to the jury this

language of which the appellants complain:

" * * * but I'll tell you what, if this property had belonged to George Williamson and they put this interchange on it I'd have said to the Commonwealth of Kentucky, 'Sure, take. Take. I want to give it, give the money that you might pay me, if it's a dollar or whatever you pay me, to my favorite charity, and I'm going to take the rest of it, and I will make money,' that's what my Government would do for me, and that's what the Government's going to do for these heirs."

The appellants insist that since the lawyer had not testified in the case and was not under oath it was improper for him to say what he would do if he were situated similarly to the appellants. Reliance is had upon City of Newport v. Maytum, Ky., 342 S.W.2d 703, in which a reversal was granted because of improper argument of counsel. An examination of the Maytum opinion discloses the many factors distinguishing it from the case at bar. In Maytum the remarks of counsel were characterized as "wanton and reckless use of prejudicial language" done persistently. The comment of counsel in the case at bar was a fair argument based upon evidence that had been heard by the jury. The jury knew that the attorney was expressing his inference from the evidence, and it could not have ascribed to the argument the thought that the lawyer was giving testimony under oath of what he would have done. We fail to see any prejudicial error in the argument complained of.

The judgment is affirmed.

All concur.