Martha DUTY and Brenda Davis, Plaintiffs-Appellants, Cross-Appellees,

v.

UNITED STATES of America DEPARTMENT OF INTERIOR, Defendant-Appellee, Cross-Appellant.

Nos. 83–5379, 83–5452.

United States Court of Appeals, Sixth Circuit.

Argued March 15, 1984.

Decided June 11, 1984.

Stephen W. Owens (argued), Paintsville, Ky., Stephen Nick Frazier, Paintsville, Ky., for plaintiffs-appellants, cross-appellees.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Peter Davenport (argued), Jane E. Graham, Asst. U.S. Attys., for defendant-appellee, cross-appellant.

Before MERRITT and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.

WEICK, Senior Circuit Judge.

Brenda Davis and Martha Duty, Plaintiffs-Appellants, have appealed, and the United States Department of the Interior, Defendant-Appellee, has cross-appealed to this Court from the judgment of the Federal District Court for the Eastern District of Kentucky awarding Plaintiffs-Appellants damages in this suit filed pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2675.

Brenda Davis was the owner and operator of and Martha Duty was a passenger in a 1975 Ford Pinto automobile that was struck in the rear on September 6, 1979, by a government-owned vehicle driven by Zekie Hensley, an employee of the Department of the Interior. After the accident, Ms. Davis was confined to the hospital for 11 to 12 days, and received treatment and medicines from various doctors thereafter. Her complaints included abdominal soreness, neck pain and lower back pain. Davis was again confined to the hospital for seven days in October, 1979, for her abdominal problems, and subsequently for a longer period in September, 1980, for a decompressive laminectomy and spinal fusion. Ms. Duty was not confined to the hospital as a result of the accident, but received continuing treatment and medicines from various doctors as a result of the collision. Her primary complaint was neck pain resulting from a "whiplash" type of injury.

Each Appellant filed a complaint on November 16, 1981, in the United States District Court for the Eastern District of Kentucky. In her complaint, Brenda Davis sought $147,200 for damages consisting of severe and permanent physical injuries, pain and suffering, loss of earnings, and the costs of her medical care and treatment. Ms. Davis also sought damages of $1800 for automobile repairs. In her complaint, Martha Duty sought $130,000 for damages consisting of severe and permanent physical injuries, pain and suffering, loss of earnings, and the costs of her medical care and treatment.

A bench trial was conducted before District Judge G. Wix Unthank on March 22, 1983. In his Memorandum Opinion and Order filed March 23, 1983, Judge Unthank found that at the time of the accident, both Ms. Davis and Ms. Duty were exercising ordinary care in the performance of their duties, and that Mr. Hensley failed and neglected to exercise ordinary care and perform the duties required of him, such that Mr. Hensley's breach of duty was the proximate cause of the collision and injuries and damages resulting therefrom.

The District Court awarded Brenda Davis the sum of $8758.90 for medical expenses and $8758.90 for pain and suffering experienced as a direct and proximate result of Zekie Hensley's negligence. The Court further found that Ms. Davis did not receive a permanent injury by reason of the accident, but that she did experience substantial pain and suffering, including pain and suffering attributable to the aggravation of her previously existing spondylolisthesis (abnormal curvature of the spine at the tailbone).

The District Court awarded Martha Duty the sum of $1640 for medical expenses and $1640 for pain and suffering experienced as a direct and proximate result of Mr. Hensley's negligence. The Court further found that Ms. Duty did not receive a permanent injury by reason of the accident, and that her age and various previous ailments attributable to age contributed to a minor extent to her pain and suffering.

Final judgment was entered in accordance with Judge Unthank's Memorandum Opinion and Order on May 3, 1983, from which Ms. Davis and Ms. Duty have appealed to this Court.

Brenda Davis and Martha Duty contend that the District Court erred in finding that neither Appellant suffered permanent injury as a result of the collision, and that the District Court erred by improperly apportioning damages with respect to Appellants' pre-existing ailments. On cross-appeal, the government argues that the District Court erred in awarding Brenda Davis medical expenses for stomach ailments which were unrelated to the accident. For the reasons hereinafter stated, we reverse.

### I.

28 U.S.C. § 1346(b) provides in relevant part:

> ... the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Thus, in this case, the law of the State of Kentucky, where the accident occurred, governs the rights of the parties. *See also Hatahley v. United States*, 351 U.S. 173, 182, 76 S.Ct. 745, 752, 100 L.Ed. 1065 (1956); *James v. United States*, 467 F.2d 832 (4th Cir.1972).

In Kentucky, one injured by another's negligence is entitled to recover full compensation for all damages proximately resulting from that negligence. *Field Packing Co. v. Denham*, 342 S.W.2d 524, 526 (Ky.1961). The amount of damages for personal injuries in a particular case must be determined by the character and extent of the injuries and the consequences thereof. *Hedges v. Neace*, 307 S.W.2d 564, 567 (Ky.1975). Properly included when computing the amount are damages to property, pain and suffering, and medical expenses incurred or reasonably certain thereafter to be incurred as the direct and proximate result of injuries received. *Roland v. Murray*, 239 S.W.2d 967, 970 (Ky. 1951). Damages further include loss of earnings and compensation for future impairment of earning power. *Field Packing, supra*, at 526.

It is well established under Kentucky law that a tort-feasor is liable for all damages proximately resulting from his negligence, even though the plaintiff's injuries may result from the aggravation of a pre-existing physical or mental impairment. *Leslie v. Egerton*, 445 S.W.2d 116, 119 (Ky. 1969). However, the award must take into account the extent of that pre-existing impairment. *Louisville and Nashville R.R. Co. v. Mattingly*, 318 S.W.2d 844 (Ky. 1958).

The permanency of the injury is one of the basic elements entering into an award of damages. *Tichenor v. Roll*, 253 S.W.2d 13, 14 (Ky.1952). However, permanency is not established where evidence of such is speculative and shows no more than a possibility of lasting impairment. *Field Packing, supra*, at 527.

Questions raised concerning damages are essentially questions of fact. *Riverside Coal Co. v. United Mine Workers of America*, 410 F.2d 267, 274 (6th Cir.1969). F.R.Civ.P. 52(a) states in relevant part:

> In all actions tried upon the facts without a jury or with an advisory jury, the

court shall find the facts specially and state its conclusions of law thereon.... Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

A finding of fact will be found to be clearly erroneous if it is not supported by substantial evidence. *See, e.g.,* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2585 (1971).

## II.

 We hold that the findings of fact by the District Court that Brenda Davis and Martha Duty did not receive permanent injuries by reason of the accident are not supported by substantial evidence, and are clearly erroneous. In his deposition, Dr. Musgrave testified that the injuries suffered by both Appellants were permanent. There was no contrary evidence in the record upon which the District Court could have based its findings of no permanent injuries.

■ We further hold that the District Court's finding of fact that Brenda Davis had a diagnosed painful spondylolisthesis and experienced considerable pain and suffering prior to the accident because of this ailment is also clearly erroneous. There is no evidence in the record to support the finding that Ms. Davis' spondylolisthesis caused her any pain prior to the condition's aggravation by the accident.

■ Finally, we are unable to determine on appeal the basis on which the District Court computed its awards of damages to Appellants. On remand, findings with respect to this issue should be stated clearly and in sufficient detail to facilitate our review in the event of appeal. *See Hatahley v. United States, supra,* at 182, 76 S.Ct. at 752; *United States v. Tuschman,* 405 F.2d 688, 690–91 (6th Cir.1969). Specifically, and pursuant to F.R.Civ.P. 52(a), the District Court should enumerate the amount of its awards attributable to damage to property, past and future pain and suffering, medical expenses incurred

or reasonably certain thereafter to be incurred as the direct and proximate result of injuries received in the accident, and loss of earnings, including future impairment of earning power. Furthermore, the court should specify what portions of Appellants' damages are attributable to the aggravation of pre-existing impairments, as well as damages attributable to the permanency of Appellants' injuries.

The judgment of the District Court is therefore REVERSED, and the case is REMANDED for further proceedings in conformity with our opinion as to damages.